KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 1, 2023

*By CM/ECF*

Christopher G. Conway
Clerk of Court
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, Illinois 60604

      Re:    *Aearo Technologies LLC, et al. v. Those Parties Listed on Appendix A to the Complaint, et al.*, No. 22-2606

Dear Mr. Conway:

      Under Rule 28(j), Appellees advise the Court of *In re LTL Management, LLC*, --- F.4th ---, 2023 WL 1098189 (3d Cir. Jan. 30, 2023) (Exhibit A), which held that LTL did not file for bankruptcy in good faith. "LTL's bankruptcy filing," like Aearo's, was "aimed to beat back [mass-tort] litigation" against its parent. *Id.* at *16 n.19. The Third Circuit reversed the bankruptcy court's decision – which Aearo cited nine times in its appellate brief – holding "only those facing financial distress can call on bankruptcy's tools," including "debtor-favored Code provisions" like "the automatic stay." *Id.* at *10, *17. LTL faced no distress because it "ha[d] a funding backstop, not unlike an ATM disguised as a contract, that it c[ould] draw on to pay liabilities without any disruption to its business." *Id.* at *16.

      This case is similar. Like LTL, Aearo has a "funding backstop" from its parent, *id.*, that negates any "economic effect" on "Aearo's bankruptcy estate," SA.35. This unlimited, non-recourse "funding backstop plainly mitigates any financial distress" from continued litigation against 3M. *LTL* at *17. And with "no financial distress" to the debtor, 3M's maneuver "to change the forum of litigation" raises "the specter of abuse which must be guarded against to protect the integrity of the bankruptcy system." *Id.* at *17 n.19.

      The Third Circuit's reasoning about the purposes and limitations of the Bankruptcy Code is persuasive and relevant here. The Code offers "safe harbor" to debtors who need it, *id.* at *1, in part by staying outside litigation that risks dismembering the estate, *id.* at *10. There is no justification for such interference with "fundamental rights of third parties" where the only purpose

Christopher G. Conway
February 1, 2023
Page 2

is "to give profitable enterprises an opportunity to evade contractual or other liability." *Id*. at *10, *17. Aearo, like LTL, is merely using bankruptcy to protect the litigation interests of its wealthy parent. Bellwether Plaintiffs Appellee Br. 23-25, 34-36; CAE Appellee Br. 3, 28, 48. Because litigation against 3M will not affect Aearo's estate, a stay would serve no valid bankruptcy purpose under the Third Circuit's reasoning.

                Respectfully submitted,

                /s/ David C. Frederick
                *Counsel for Appellee Official Committee of Unsecured Creditors for Tort Claimants – Related to Use of Combat Arms Version 2 Earplugs*

                /s/ Andrew Schapiro
                *Counsel for Appellees Bellwether Plaintiffs*

cc:  Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David C. Frederick
David C. Frederick