Clement & Murphy
PLLC

February 14, 2023

**Via CM/ECF**

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL 60604

> Re: *Aearo Technologies LLC, et al. v. Those Parties Listed on Appendix A to the Complaint, et al.*, No. 22-2606

Dear Mr. Conway:

Appellees have alerted this Court to *In re LTL Management, LLC* ("*LTL*"), 2023 WL 1098189 (3d Cir. Jan. 30, 2023), but *LTL* is procedurally, factually, and legally inapposite. In *LTL*, the bankruptcy court both enjoined litigation against non-debtors (on all three grounds rejected by the bankruptcy court here) and denied a motion to dismiss the bankruptcy petition as filed in bad faith. Although both issues were before it, the Third Circuit pointedly addressed only the latter. Op.32 n.11, 56. This appeal, in stark contrast, raises only the former. And nothing in the Third Circuit's lengthy opinion even hints that a stay or injunctive relief against non-debtors would be unavailable or inappropriate in the event of a good-faith filing.

As the bankruptcy court here observed, the good-faith question addressed in *LTL* is not "relevant" to the stay/injunctive-relief questions at issue here. SA.16-17. Appellees themselves recognized as much by moving to dismiss in the bankruptcy court in light of *LTL*. But even if the good-faith issue were properly before this Court, *LTL* would remain factually and legally inapposite. The Third Circuit underscored that good faith is a highly factbound issue. The facts here are materially different. *LTL* involved a made-for-bankruptcy spin-off, while Aearo is a 40-year-old company with over $100 million in revenue—an "appropriate debtor[] with cognizable liabilities under the Bankruptcy Code." SA.17. Moreover, in contrast to the Third Circuit's understanding of LTL's funding agreement, Aearo's receipt of 3M money under the Funding Agreement is not guaranteed. Those factual differences take on added import given key differences in circuit law: Unlike the Third Circuit, this Court requires the movant to demonstrate lack of good faith, *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994), and it asks whether it is reasonable to expect that a plan of reorganization can be confirmed, in contrast to the Third Circuit's categorical "immediate financial distress" requirement. *See In re Bartle*, 560 F.3d 724,

Mr. Christopher G. Conway, Clerk of Court
February 14, 2023
Page 2 of 2

730 (7th Cir. 2009).  In short, *LTL* has no bearing on the issues before this Court and little relevance to the motion to dismiss pending before the bankruptcy court.

                Respectfully submitted,

                /s/ Paul D. Clement
                Paul D. Clement
                CLEMENT & MURPHY PLLC
                706 Duke Street
                Alexandria, VA 22314
                (202) 742-8900
                paul.clement@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)